ORSUS GATE LLP
Denis Shmidt (State Bar No. 267987)
Nabil Bisharat (State Bar No. 270305)
Jennifer Haidar (State Bar No. 337558)
16 N. Marengo Ave., Suite 316
Pasadena, California 91101
Telephone:  (415) 326-3558
DShmidt@OrsusGate.com
NBisharat@OrsusGate.com
JHaidar@OrsusGate.com

HARDER LLP
Ryan J. Stonerock (State Bar No. 247132)
Dilan A. Esper (State Bar No. 178293)
Henry L. Self III (State Bar No. 223153)
8383 Wilshire Blvd., Suite 526
Beverly Hills, California 90211
Telephone:  (424) 203-1600
Facsimile:   (424) 203-1601
RStonerock@HarderLLP.com
DEsper@HarderLLP.com
HSelf@HarderLLP.com

Attorneys for Defendant and Counterclaimant
Yida Gao and Defendants Sand Hill Advisors
PR LLC and Shima Capital Management LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM STRUCK, individually and doing business as STRUCK CAPITAL, and STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs. | Case No. 3:23-mc-80038<br><br>Central District Case No. 2:22-cv-02415-SPG-MAA<br><br>**DECLARATION OF DILAN A. ESPER, ESQ. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO PAUL VERADITTAKIT** |

DECLARATION OF DILAN A. ESPER, ESQ.
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

| | |
|---|---|
| YIDA GAO, an individual, SAND HILL ADVISORS PR LLC, a Puerto Rican Limited Liability Company, SHIMA CAPITAL MANAGEMENT LLC, a Puerto Rican limited liability company, and Does 1-50,<br><br>Defendants,<br><br>YIDA GAO, an individual;<br><br>Counterclaimant,<br><br>vs.<br><br>ADAM STRUCK, individually and doing business as STRUCK CAPITAL, STRUCK CAPITAL MANAGEMENT LLC, a Delaware Limited Liability Company, STRUCK CAPITAL FUND GP LLC, A Delaware Limited Liability Company, STRUCK CAPITAL FUND II GP, LLC, a Delaware Limited Liability Company, and ROES 1-50, inclusive<br><br>Counter-Respondents. | Hearing Date:  To Be Set<br>Time:  To Be Set<br>Courtroom:  To Be Set<br>Judge:  To Be Set |

2
DECLARATION OF DILAN A. ESPER, ESQ.
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

I, DILAN A. ESPER, ESQ., declare:

1. I am a member of the Bar of California and an attorney at HARDER LLP, counsel for Yida Gao, Sand Hill Advisors PR LLC, and Shima Capital Management LLC (collectively, "Defendants") here and in the action captioned *Struck v. Gao*, Case No. 2:22-cv-02415-SPG-MAA (C.D. Cal.) (the "Central District Action"). I submit this declaration in support of Defendants' Motion for Protective Order. I have personal knowledge of the facts set forth herein.

2. Attached hereto collectively as Exhibit 1 is are true and correct copies of Plaintiffs' subpoenas, referred to in Defendants' Motion for Protective Order.

3. Attached hereto as Exhibit 2 is a true and copy of the Complaint filed by Yida Gao and Sand Hill Advisors in Los Angeles Superior Court, on or about March 25, 2021.

4. In response to the Complaint, Adam Struck and his affiliated companies moved to compel arbitration of Mr. Gao's claims, alleging they fell within an arbitration provision contained in the operating agreement for the Divergent Digital Currency ("DDC") companies. A true and correct copy of this motion is attached hereto as Exhibit 3.

5. The Los Angeles Superior Court partially granted Mr. Struck's motion to compel arbitration, holding that the claims relating to DDC (the cryptocurrency business that Mr. Gao and Mr. Struck had collaborated on) were arbitrable. A true and correct copy of this order is attached hereto as Exhibit 4. There is a pending JAMS arbitration of the claims relating to DDC. Plaintiffs' claims in the Central District Action involve alleged trade secrets relating to the other business Mr. Gao and Mr. Struck partnered on, involving traditional venture capital. All of the cryptocurrency claims are within the scope of the JAMS arbitration.

6. Attached hereto as Exhibit 5 is Mr. Gao's Arbitration Demand, filed with JAMS on or about September 13, 2021.

7. Mr. Struck filed a Counterclaim in the JAMS arbitration on or about September 27, 2021 and a First Amended Counterclaim on or about February 4, 2022. Attached hereto as Exhibit 6 is a true and correct copy of Mr. Struck's First Amended Counterclaim in the JAMS arbitration.

8. Attached hereto as Exhibit 7 are true and correct copies of Mr. Struck's Requests for Production, Set 2, and Requests For Admissions, Set 2, in the JAMS arbitration.

9. After Plaintiffs served their third party subpoenas, my firm received written objections from William Ackman, the Synergis entities, Paul Veradittakit, Digital Currency Group, LunarCrush, and Tiger Global CSC. Attached hereto as Exhibit 8 are true and correct copies of those objections.

10. Attached hereto as Exhibit 9 is a true and correct copy of Arbitrator Order No. 1 Following Initial CMC from the JAMS arbitration. Attached hereto as Exhibit 10 is a true and correct copy of Arbitrator Order No. 5 Order Re Case Schedule And Outstanding Issues from the JAMS arbitration. Plaintiffs served a subpoena on Big Brain Holdings, LLC ("Big Brain"), and on or about October 5, 2022. Big Brain produced documents to Plaintiffs. I have reviewed the production. A chat thread confirms that Big Brain's identity was not a trade secret; Mr. Gao was in continuous contact with Big Brain from July 2019 through September 2022. However, as a result of Plaintiffs' subpoena, Big Brain produced approximately 270 pages of documents, including confidential and sensitive agreements between Big Brain and Shima, which have nothing to do with the Central District Action. None of these documents have a confidentiality designation.

1  I declare under penalty under the laws of the United States that the foregoing is true and correct.

Executed February 14, 2023 in Fontana, California.

                       */s/ Dilan A. Esper*
                       DILAN A. ESPER, ESQ.